# CASES IN CHANCERY.

---

SARAH VAN GIESON *v.* GEORGE W. HOWARD and wife, and others.

A. devised real estate to his widow for life, and ordered it to be sold after her death, and the proceeds to be equally divided among the children of his brothers and sisters  A. had three brothers and one sister.  Two of his nephews and one of his nieces had died before the making of the will, leaving issue.

*Held,* that such issue were not entitled to any share.

One of the nieces died after the testator's death, and in the lifetime of the widow, leaving a will by which she devised her interest.

*Held,* that she had a devisable interest.

*Hillyer,* for complainant.

*Robert Van Arsdale,* for the defendants.

THE CHANCELLOR.  Garret Doremus, of Caldwell, in the county of Essex, died April 18, 1818, leaving a will by which, after making several devises and bequests, he devises as follows : "I give and bequeath to my loving wife the use of all the remainder and residue of my real estate during her natural life, to make use of as she shall think best and proper for her support ; and after her death I do order that all my real estate be sold, and the money arising from the sale thereof I give, and my will is that it be equally divided between my brothers' and sister's children and Rynier Van Gieson, in equal portions, share and share alike."

The testator had one sister and three brothers.  Two of his

nephews and one of his nieces had died before the making of the will, leaving issue.

Rachel, one of his nieces, and wife of Garret Egberts, died in 1826, after the testator's death, leaving two children, viz: Sarah, wife of Abraham Earl, and Ann, wife of George Howard; and leaving a will, providing, among other things, as follows: " I give and bequeath to my daughter Sally Earl all my rights and interests in a legacy devised to me by Garret Doremus, deceased."

The widow of the testator, Garret Doremus, died in 1843; and the executors named in his said will died without making sale of any part of the said residue of the testator's real estate.

The bill was filed by Sarah Van Gieson, daughter of the testator's sister, for the appointment of trustees or commissioners to make sale of the lands and divide the proceeds of the sale among such persons as should be adjudged by the court to be entitled thereto.

By consent of the solicitors of the parties, commissioners were appointed to sell the lands, who sold the same accordingly, and have the proceeds in their hands ready for distribution under the order of the court.

The questions which have been submitted are—1st, whether the issue of such of the testator's nephews and nieces as died before the making of the will are entitled to any share of the proceeds of the sale. I think they are not. Our statute, Rev. Stat. 369, sec. 22, provides, that when any estate shall be devised or bequeathed to any person being a child or other descendant of the testator, and such devisee or legatee shall die during the life of the testator, leaving a child or children, or a descendant or descendants of a child or children, who shall survive the testator, such devise or legacy shall not lapse, but the estate so devised or bequeathed shall vest in such child or children, descendant or descendants of such devisee or legatee. This statute does not apply to this case. Nephews and nieces of a testator are not his descendants. Again, this statute was not passed until December, 1824

2d. The other question submitted is, whether the testator's

niece, Rachel Egbert, who survived the testator, and died in the lifetime of the said widow, had an estate or interest in the said lands or the proceeds of the sale thereof, which she could dispose of by will.   I think she had.